Singh v. Bondi

BIA
Douchy, IJ
A208 926 172

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of November, two thousand twenty-five.

PRESENT:
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> MYRNA PÉREZ,
> > *Circuit Judges.*

_____

JASVIR SINGH,
> *Petitioner,*

> v.                                                              **23-6613**
> **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                 Dalbir Singh, Dalbir Singh & Associates, New York, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer R. Khouri, Senior Litigation Counsel; Robert P. Coleman III, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jasvir Singh, a native and citizen of India, seeks review of a May 26, 2023, decision of the BIA affirming a June 18, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jasvir Singh*, No. A208 926 172 (B.I.A. May 26, 2023), *aff'g* No. A208 926 172 (Immigr. Ct. N.Y.C. June 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review adverse credibility determinations "under the substantial evidence standard." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

2

"[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Nevertheless, "an IJ's reasons for finding an applicant not credible [must] be both (1) supported by substantial evidence in the record and (2) logically related to the applicant's credibility." *Singh v. Garland*, 6 F.4th 418, 426 (2d Cir. 2021).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

3

We conclude that substantial evidence supports the agency's adverse credibility determination here. The agency reasonably found Singh not credible based on multiple inconsistencies in his descriptions of his two alleged attacks. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). First, as the IJ found, Singh was inconsistent about what he was doing at the time of the first attack. In his application and testimony, he stated that he was first attacked when he was riding his bike home from the city. At his credible fear interview, however, he said he was first attacked while he was putting up posters in a neighboring village, and that his attackers also tore down his posters. Second, Singh was inconsistent about which attack resulted in him receiving a broken shoulder, losing consciousness, and being hospitalized. In his application and testimony, he stated that he sustained those injuries the first time he was attacked, when he was returning home on his bike. But at his credible fear interview, he associated those injuries with the second attack, on December 5, 2015, which he stated occurred as he was leaving his temple. And third, Singh was inconsistent about which shoulder was broken. At his credible fear

4

interview, he said his left shoulder was broken, but Singh's application and hearing testimony indicated that he was treated at the hospital for a broken *right* shoulder after the first attack.

When confronted with inconsistencies in his accounts, Singh denied that his statements during the credible fear interview were different than his hearing testimony, and said that his hearing testimony was correct. The agency was not compelled to accept this explanation as it did not resolve the differences between the interview record, application, and testimony. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Taken together, these inconsistencies are neither "trivial" nor "inconsequential," and they are not readily susceptible to the "innocent explanation" that Singh simply mixed up the dates of the two incidents. *Singh*, 6 F.4th at 431. Rather, Singh associates specific, memorable details of his injuries and hospitalizations with two entirely different events (being attacked on the road returning home versus outside of his temple). We cannot say that these inconsistencies have "little or no tendency to support a reasonable inference that

5

the petitioner has been untruthful."   *Id.* at 427.

Nor was the agency required to credit Petitioner's explanation that he was nervous and tired at his credible fear interview.   We have specifically "reject[ed] the notion that a petitioner's claim that []he was nervous and distracted during the credible fear interview automatically . . . negates its reliability as a source of h[is] statements."   *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009).

Moreover, the x-rays Singh provided added further inconsistency.   To confirm that it was his right shoulder that was broken, Singh provided x-rays dated March 3 and March 10, 2015, indicating a right shoulder injury.   However, he testified that he left the hospital on March 3 and was then treated at home by a village doctor for three months.   On cross-examination, Singh explained that he returned to the hospital for a checkup on March 10, but his testimony was not corroborated by other medical records, any prior statement by Singh, or statements from family members, and it contradicted prior statements by Singh and his father that he left the hospital on March 3 because they could not afford further treatment at the hospital.   Although "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," they "must still be weighed in light of the totality of the circumstances

6

and in the context of the record as a whole." *Hong Fei Gao*, 891 F.3d at 78, 81.

Having questioned Singh's credibility, the agency reasonably relied on his lack of reliable corroborating evidence. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). As the IJ noted, the affidavit from Singh's father and a letter from his doctor did not confirm Singh's statements that surgery was recommended, the x-ray from March 10 conflicted with his statements that he could not afford further treatment at the hospital, and none of the evidence resolved his inconsistent statement that his left shoulder was broken. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence."). Furthermore, the agency reasonably accorded limited weight to affidavits from friends, family, and others who live in Singh's village because several of the affiants were interested parties, and none was available for cross-examination. *See Likai Gao*, 968 F.3d at 149 ("[T]he IJ acted within her discretion in according [the affidavits] little weight because the declarants (particularly [the petitioner]'s wife) were interested parties and neither was

7

available for cross-examination.").

The above inconsistencies and lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8; *Xiu Xia Lin*, 534 F.3d at 167; *Biao Yang*, 496 F.3d at 273. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8